UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-2604-B |
| TOGETHER WE RISE CORPORATION, and Daniel Mendoza, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF THE LEADER'S INSTITUTE, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE**

Plaintiff The Leader's Institute, LLC ("TLI") respectfully submits this Response in Opposition to Defendants' Motion to Transfer Venue (Dkt. 14, 15) to the United States District Court for the Central District of California ("California District") pursuant to 28 U.S.C. §1404(a). TLI asserts that transferring this case to the Central District would be a waste of judicial resources and will burden third parties witnesses located in Dallas, Texas.

**I.   APPLICABLE FACTS**

Plaintiff TLI is a limited liability company organized and operating under the laws of the State of Texas. (*See* Dkt. 8, ¶12). TLI's corporate headquarters is located in Dallas, Texas. (*See* Declaration of Doug Staneart ("Staneart Decl."), ¶ 3, Appx. p. 2). TLI is owned and operated by Doug Staneart, the CEO. (Staneart Decl., ¶ 1, Appx. p. 2). TLI has five (5) full time employees, four who are located in TLI's corporate office in Dallas, in addition to Mr. Staneart. (Staneart Decl. ¶ 5, Appx. p. 2).

In 2017, TLI held three hundred (300) BUILD-A-BIKE events across the country. (Staneart Decl. ¶ 9, Appx. p. 3). At lease twenty-four (24) of those events took place in Texas.

(Staneart Decl. ¶ 16, Appx. p. 3). Eleven BUILD-A-BIKE events were conducted in this District. (*id*). In contrast, no BUILD-A-BIKE events were held in Los Angeles, California in 2017. (Staneart Decl. ¶ 9, Appx. p. 3). Although TLI's website states that the company has office space in Los Angeles ("LA"), and that LA is TLI's West Coast team building hub, the company has no true office in LA. (Staneart Decl. ¶¶ 6-8, Appx. pp. 2-3). TLI leases an executive suite at the LA address—515 Flower St. #3600 that it uses only on an as-needed basis and no employee is located there. (*id*). No TLI employee even visited the LA location in 2017. (Staneart Decl. ¶ 13, Appx. pp. 3).

TLI has no employees, no documents or records, no bank accounts, and no presence in LA, or the state of California as a whole. (Staneart Decl. ¶ 12, Appx. p. 3). Contrary to Defendants' assertions, TLI does not have a "regional hub" in the California District, and does not maintain offices throughout California. (*id*).

All of TLI's documents, witnesses, and third party witnesses that are relevant to TLI's claims and defenses in this case are located in Texas. (Staneart Decl. ¶ 14, Appx. p. 3). TLI's main witness is Doug Staneart, CEO of TLI who lives and works in this District. (Staneart Decl. ¶ 4, Appx. p. 2). Mr. Staneart filed the trademark application for TLI's "BUILD-A-BIKE" mark and founded the company in 2005. Mr. Staneart will provide testimony to establish infringement, TLI's damages due to infringement, TLI's record of enforcing its mark, and the validity and acquired distinctiveness of TLI's mark. TLI's corporate office in Dallas contains all of TLI's records and documents that are relevant to this case. TLI may also need testimony from its employees located in Dallas to defend against Defendants' counterclaims.

A large number of potential non-party witnesses are located in Texas. Specifically, at least five companies in Texas have held infringing workshops that were sponsored by Defendants. (*See* Dkt. 8-1). Defendants have sponsored infringing events in these Texas

locations: The Children's Home of Lubbock in Lubbock, Texas; Corporate Floors Inc. in Grapevine, Texas; Miliken in "four markets in Texas"; and Upbring Foster in San Antonio, Texas; Farmers Insurance, Dallas, Texas.   (Dkt. 8-5, p. 12-13; Dkt. 8-1, p.2, 8, 16). Employees of these companies are important non-party witnesses for TLI. TLI intends to use the testimony and documents of these non-parties to establish infringement, a likelihood of confusion, and Defendants' use of counterfeit marks. (Staneart Decl. ¶ 15, Appx. p. 3). Further, all of the evidence, documents, and non-party witnesses that TLI will need to defend its trademarks against Defendants' counterclaims for cancellation are located in Texas. (Staneart Decl. ¶¶ 17-18, Appx. p. 3-4).

TLI has dozens of customers located in this District and Texas who held BUILD-A-BIKE workshops sponsored by TLI in 2017.  (Staneart Decl. ¶¶ 17-18, Appx. p. 3-4). Evidence from these non-party witnesses is critical to assist TLI in defending the trademarks against cancellation by showing that the trademark is not descriptive or generic, and has acquired distinctiveness. (*id*).

Defendants incorrectly claim that this case has only a tenuous connection to this District. Most of the operative facts relating to this lawsuit occurred in this District. The damaging effects of Defendants' trademark infringement are felt in this District. Plaintiff's corporate headquarters is located in this District.  All of Plaintiff's documents, witnesses, and non-party witnesses are located in this District.

Most important is the fact that this Court has familiarity with Plaintiff and the "Build-A-Bike" trademark.  Not only is this Court is currently presiding over a case involving Plaintiff's trademark, s*ee The Leader's Institute, LLC and Doug Staneart v. Robert Jackson and Magnovo Training Group LLC,* Case No. 3:14-cv-03572-B (N.D. Tex.), but this Court has also presided over two previous cases brought by Plaintiff against infringers of the "Build-A-Bike" trademark.

*See The Leader's Institute, LLC v. Teambonding, Inc. and David Goldstein*, Case No. 3:16-cv-00852 (N.D. Tex.); *The Leader's Institute, LLC v. Golden State Foods Foundation*, Case No. 3:16-cv-03258-B (N.D. Tex.).

## II.    STANDARD OF LAW

A district court may transfer any civil case under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have [originally] been brought." The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

The burden is on the moving party to establish "good cause" to transfer the case. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). This burden is significant because a motion to transfer is only appropriate if the transferee venue is "clearly more convenient than the venue chose by the plaintiff." *Summit 6 LLC v. HTC Corp.*, 2014 U.S. Dist. LEXIS 126800, *10 (N.D. Tex. Sept. 10, 2014). However, if a transfer of venue would simply shift the inconvenience from the defendant to the plaintiff, transfer is inappropriate. *Id*. at *11. When the transferee venue is not clearly more convenient, the Fifth Circuit has said that the "plaintiff's choice of forum should be respected." *Id*.

After it has been established that the case could have been brought in the proposed transferee forum, a court will weigh a number of private and public interests factors to determine whether transfer is appropriate. *Volkswagen*, 545 F. 3d at 312.  The four private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315. The four public interest factors are "(1) the administrative difficulties flowing from court

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

The convenience of third party witnesses is often regarded as the most important factor to be weighed. *Red Star Co. v. AAi FosterGrant, Inc.*, 1999 U.S. Dist. LEXIS 14939, *4 (N.D. Tex. Sept. 15, 1999). However, the convenience of non-party witnesses is more important than the convenience of employee witnesses because an employer can compel an employee to attend trial. *Id.*

### III. ANALYSIS

Defendants' have failed to meet their burden of proof because an analysis of the private and public interest factors favors Plaintiff's choice of forum—the Northern District of Texas.

#### A. The Private Interest Factors Weigh Against Transfer.

##### 1. The Convenience of Non-Party Witnesses Weighs Against Transfer.

Plaintiff has identified numerous non-party witnesses located in this District and Texas generally that have relevant knowledge regarding the issues in this case. TLI has identified at least five companies who have held infringing events in Texas, and who possess relevant information that TLI intends to use to establish infringement. (The Children's Home of Lubbock, Corporate Floors, Inc., Miliken, Upbring Foster in Texas, and Farmers Insurance in Dallas). If this case were transferred to the California District, TLI would be unable to secure the attendance of these witnesses at trial by compulsory process. Even if these witnesses were willing to participate, the costs of travel to California will be a great inconvenience.[1]

---

[1] Defendants have completely ignored the existence of Plaintiff's non-party witnesses in their analysis. Without any knowledge of the facts, Defendants incorrectly claim that "[a]ll of Plaintiff's team-building activities are made available in Los Angeles." Motion at p. 11. This fact is simply wrong. Defendants also do not address the presence of relevant non-party witnesses located in Texas. Thus, Defendants' self-serving claim that "it appears that the

TLI has additionally identified at least twenty-four (24) customer companies of TLI who possess relevant and important evidence to establish the strength and acquired distinctiveness of Plaintiff's trademark. This evidence may be necessary to defend against Defendants' request to cancel Plaintiff's mark. All of these twenty-four (24) customer companies of TLI are located in either Dallas or Texas. Again, TLI would be unable to compel the participation of these companies at trial by compulsory process if this case were transferred.

In contrast, Defendants only identify two non-party witnesses from whom they purport to need testimony—Olive Crest and The McKinley Children's Center. Defendants do not identify the subject matter of the proposed testimony from these companies and have therefore failed to meet their burden of proof to support transfer. *See Red Star Co.* at n.5 ("the party seeking transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover"). Even if Defendants had properly identified non-party witnesses from whom they need testimony, this factor would be neutral at best. Where both the plaintiff and defendant have identified relevant non-party witnesses in each district, neither district would have complete subpoena power. In this circumstance, this factor is therefore neutral. *See Summit 6 LLC*, 2014 U.S. Dist. LEXIS 126800 at *22.

Defendants also claim that the testimony of two employees is necessary and supports their Motion to Transfer. However, "[t]he court assigns little weight to the convenience to [a party's] employees because this factor primarily concerns the convenience of nonparty witnesses." *Community Trust Bankcorp, Inc. v. Community Trust Financial Corporation*, 2013 U.S. Dist. LEXIS 88004, *11 (N.D. Tex. June 24, 2013); citing *John Crane Production Solutions, Inc. v. R2R & D, LLC*, 2012 U.S. Dist. LEXIS 64358, *4 (N.D. Tex. May 8, 2012).

---

majority, if not all, of the potential witnesses in this case are located outside of this Court's subpoena power" is simply not believable.

Additionally, Defendants can compel their employees to attend a deposition and trial in Texas. *See Red Star Co.*, 1999 U.S. Dist. LEXIS 14939 at *7-8.

Because the overwhelming majority of relevant non-party witnesses reside in Texas and in this District, this factor weighs against transfer.

### 2. The Other Private Interest Factors Weigh Against Transfer.

The relative ease of access to proof, the cost of attendance for willing witnesses, and other practical problems of trial, do not support transfer of this case. For example, the relative ease of access to proof factor is neutral because this factor is given little weight given advances in copying technology and information storage. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2006). The cost of attendance for willing witnesses is also neutral or weighs against transfer. Plaintiff has asserted that it is more convenient for TLI's willing witnesses to travel to Dallas instead of California. Defendants have likewise asserted that it is more convenient for Defendants' willing witnesses to travel to LA than Texas. Because of these competing claims, this factor is neutral at best. This factor weighs against transfer because the only result would be to shift the inconvenience from Defendants to Plaintiff. *See Summit 6 LLC* at *11. Last, other practical considerations weigh against transfer because judicial economy would be served by keeping this case in a district with familiarity with the Plaintiff, the asserted mark, and operative facts.

### B.      The Public Factors Weigh Against Transfer

The first public factor—administrative difficulties of court congestion—is neutral. Defendants argue that the California District is less congested and has less cases pending per judge than this District. Defendants have not, however, analyzed court congestion in the context of trademark actions—and have therefore failed to prove that this factor weighs in favor of transfer. The defendant in the *Community Trust Bankcorp* case made a similar argument

regarding court congestion. *Community Trust Bankcorp, Inc. v. Community Trust Financial Corporation*, 2013 U.S. Dist. LEXIS 88004, *12 (N.D. Tex. June 24, 2013). The Northern District of Texas held that it was "necessary to consider statistics related to trademark cases, not general cases, in deciding how to weigh this factor in trademark cases" because of the special rules and procedures trademark cases have. *Id.* at *14-15, citing *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.,* 2010 U.S. Dist. LEXIS 24727, at *3 (N.D. Tex. Feb. 28, 2010).

Even if Defendants are correct that it would be faster to trial in the California District, that fact is overshadowed by the fact that this Court has familiarity with Plaintiff and the asserted trademark based on two previous cases and one pending case involving many of the same issues presented in this litigation. Thus, it would serve judicial economy to keep this litigation in this Court. Were this case to be transferred, the case would be delayed because of the California District's unfamiliarity with the asserted trademark and the contested factual issues.

The second public factor, the local interest in having localized interests decided at home, weighs against transfer. The Plaintiff[2] is a resident of this District and the operative facts occurred in this District. Plaintiff has been paying property taxes in this District for over 10 years. Plaintiff's records and business materials are located in this District. Dallas, Texas has a clear local interest in resolving this dispute because the Plaintiff has clear ties to this forum.

Plaintiff agrees with Defendants that the third and fourth factors are largely irrelevant in this case and therefore these factors are neutral.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that Defendants' Motion to Transfer be denied.

---

[2] Defendants incorrectly state that Plaintiff has "a strong presence" in California. As explained above, this is not true.

DATED this 22nd day of January, 2018.   Respectfully submitted,

/s/ *Darlene F. Ghavimi*
Darlene Ghavimi
TX Bar No. 24072114
dghavimi@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, TX 78738
(512) 610-3410
(512) 610-3456 (fax)

Charles J. Rogers
crogers@conleyrose.com
TX Bar No. 00786205
CONLEY ROSE, P.C.
575 N. Dairy Ashford Rd, Suite 1102
Houston, Texas 77079
713.238.8049 (direct line)
713.238.8008 (fax)

Kristin Jordan Harkins
TX Bar No. 00787795
Kristin.harkins@wickphillips.com
WICK PHILLIPS
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 692-6200
(214) 692-6255 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of January, 2018 with a copy of this document via this Court's CM/ECF system per Local Rule 5.1. Any other counsel of record or party will be served by electronic mail, and/or first class mail on this same date.

/s/ *Darlene F. Ghavimi*
Darlene F. Ghavimi