UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC, | § | |
| | § | |
| Plaintiff and Counter Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2604-B |
| | § | |
| TOGETHER WE RISE CORPORATION, | § | |
| and DANIEL MENDOZA, | § | |
| | § | |
| Defendants and Counterclaimants. | § | |

## MEMORANDUM OPINION AND ORDER

The Leader's Institute, LLC (TLI) has sued Together We Rise Corporation and Daniel Mendoza (collectively TWR) for federal trademark infringement and Texas-law unfair competition. Doc. 8, Am. Compl. TWR counterclaimed that the Court should cancel the trademark TLI seeks to assert against TWR. Doc. 12, Answer & Countercl., ¶¶ 27–45. And although TWR admits that venue is proper in this district, *id.* ¶ 21, TWR now moves the Court to transfer this case to the Central District of California (CDC). Doc. 14, Mot. to Transfer. The Court **DENIES** TWR's motion to transfer.

### I.

### BACKGROUND

*A. Factual History*[1]

TLI is a Texas limited liability company. Doc. 8, Am. Compl., ¶ 12. Its main offices are in

---

[1] The Court takes this background from the parties' live pleadings and briefing on the present motion to transfer.

1

Dallas, Texas, Doc. 25-1, Resp., App., 1, and its founder and president, Doug Staneart, lives in Arlington, Texas, *id.* TLI says Doug Staneart is a key witness and will testify regarding "infringement, TLI's damages due to infringement, TLI's record of enforcing its mark, and the validity and acquired distinctiveness of TLI's mark." Doc. 25, Resp., 2. TLI has five full-time employees other than Staneart, and four live in Texas. Doc. 25-1, Resp., App., 1. The fifth lives in Kentucky. *Id.* TLI admits it has leased office space in the CDC, *id.* at 1–2, and has advertised substantial activities in California, Doc. 26, Reply, 2, but claims its Southern California offices are rarely occupied by any TLI employees and that no one from TLI visited the office in 2017. Doc. 25-1, Resp., App., 2. In fact, TLI claims it has "no employees, no documents, no records, no bank accounts, and no presence in LA, or the state of California as a whole." *Id.* TWR claims that TLI has other offices in California, Doc. 15, Mot. to Transfer Br., 2, but TLI says it does not, Doc. 25, Resp., 2. And TLI claims that all of its witnesses and documents for this case are in Texas. *Id.* TLI says such witnesses include employees of five Texas companies who held infringing workshops sponsored by TWR. *Id.* at 2–3. The companies are located in Lubbock, Grapevine, San Antonio, and Dallas. *Id.* at 3. TLI does not say where the fifth company, identified only as Milliken, is located, but an attachment to TLI's amended complaint says Milliken partnered with TWR to have a "bike build" benefitting "children and teenagers in the Dallas area." Doc. 8-1, Am. Compl., Ex. A, 7–9. TLI says it intends to use witnesses and documents from these companies "to establish infringement, a likelihood of confusion, and Defendants' use of counterfeit marks." Doc. 25, Resp. 3. TLI claims also that it will use evidence from its Texas customers to defend against TWR's cancellation counterclaim. *Id.*

TLI claims to own the BUILD-A-BIKE mark, which it uses to advertise bike-building leadership events. Doc. 8, Am. Compl., ¶¶ 2–6. TLI says it conducted 300 build-a-bike events in

2017 and that twenty-four of those events were in Texas. Doc. 25, Resp., 1–2. TLI claims to have conducted no build-a-bike events in California in 2017, *id.* at 2, but TLI's website presents reviews of TLI team-building events from late 2017, Doc. 26, Reply, 3. Finally, TLI claims that this Court is familiar with the trademark at issue because of prior and pending litigation regarding the mark. Doc. 25, Resp., 3–4.

TWR is a California corporation with its offices in Brea, California, which is in the CDC. Doc. 15-1, Decl. of Daniel Mendoza, 1. TWR's president and founder, Daniel Mendoza also lives in Brea, *id.*, and TWR employees Gianna Dahlia and Joan Baek work in TWR's Brea office, *id.* at 3. TWR says Dahlia will testify about TWR's United States outreach efforts, including TWR's efforts to promote its "Build-A-Bike campaign." *Id.* And TWR predicts that Baek will testify about her setting up of "Build-A-Bike events" and "coordinating with local community partners, social workers, and foster agencies." *Id.*

*B. Procedural History*

TLI filed its original complaint in this lawsuit on September 25, 2017, Doc. 1, Compl., and an amended complaint on October 17, 2017, Doc. 8, Am. Compl. TWR filed an answer and counterclaims on December 18, 2017, Doc. 12, Answer & Countercl., and on December 18, 2017 moved to transfer this case to the Central District of California. Doc. 14, Mot. to Trasfer. TWR's motion to transfer is ripe for review.

II.

**LEGAL STANDARD**

A district court may transfer a civil action to another district or division where the action might have been brought. 28 U.S.C. § 1404(a). To demonstrate why the alternate venue is

appropriate, the defendant must first prove that "the suit could have been filed originally in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).

The defendant must show also good cause that the transfer is "for the convenience of the parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). To determine whether transfer would be "for the convenience of the parties and witnesses [and] in the interest of justice," courts balance private and public-interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. "The private factors are: '1): the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '1): the administrative difficulties following from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (quoting *In re Volkswagen*, 371 F.3d at 203). If the balancing of these factors demonstrates that the alternative venue is "clearly more convenient," a court should transfer the case. *Id.* The plaintiff's choice of forum should generally not be disturbed unless the balance of factors strongly favors the moving party. *Id.*

## III.

## ANALYSIS

No party disputes that TLI could have brought this case in the CDC, so the Court will proceed to weigh the private and public-interest factors to determine whether transferring the case would be "for the convenience of the parties and witnesses [and] in the interest of justice." 28 U.S.C.

4

§ 1404(a).

A. *Private-Interest Factors*

TWR argues first that access to proof would be greater in the Central District of California than in this district because TWR's offices and all of its records and employees, including its primary witnesses, are in the CDC. Doc. 15, Mot. to Transfer Br., 5–6. TWR argues also that transferring the case to the CDC would not be inconvenient for TLI because TLI has an office in the CDC. *Id.* at 6. But although all of TWR's evidence and witnesses are located in the CDC, TLI's records and permanent employees are located in Texas. Doc. 25-1, Resp., App., 3. Regardless, the Court finds also that this factor carries little weight. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). Technological advances have made it possible to transmit documentary evidence long distances at a low cost, and TWR has not argued that it cannot transmit its documentary evidence electronically. Thus, this factor does not support transfer.

Second, TWR argues that the witnesses, documents, and other records necessary to this case are outside of the subpoena power of courts in this district but within the subpoena power of CDC courts. Doc. 15, Mot. to Transfer Br., 6. But much of TLI's evidence and witnesses are beyond the CDC courts' subpoena power. Doc. 25, Resp., 5. Thus, the availability of compulsory process does not support the transferring of this case to the CDC.

Third, TWR argues that transferring the case to the CDC would reduce the costs of attendance for party and non-party witnesses because all of TWR's witnesses are located far away from this district but in or near the CDC. Doc. 15, Mot. to Transfer, 7. But transferring the case to the CDC would increase the cost of attendance for TLI's witnesses, who are closer to this district than the CDC. Doc. 25, Resp., 5–6. Reducing the cost of witness attendance therefore does not

warrant transfer.

Fourth, TWR argues that because it has no property in this district, TLI would have to enlist CDC courts for aid in enforcing a judgment against TWR and that this counsels in favor of transferring the case. Doc. 15, Mot. to Transfer Br., 9. Although some courts have considered the enforceability of a judgment relevant to motions to transfer, *see, e.g.*, *Jim Crockett Promotions, Inc. v. Action Media Grp.*, 751, F. Supp. 93, 96 (W.D.N.C. 1990), at least one district court in this circuit has rejected an argument similar to TWR's, *Goodman Co. v. A & H. Supply, Inc.*, 396 F. Supp. 2d 766, 776–77 (S.D. Tex. 2005). This Court too finds that this argument does not support transfer.

*B. Public-Interest Factors*

TWR first argues that administrative difficulties flowing from court congestion counsel in favor of transferring this case to the CDC. Doc. 15, Mot. to Transfer Br. 9. According to statistics reported on December 31, 2017, the median time to trial in the CDC is about three months shorter than in this district, and whereas this district has 1298 cases pending per judgeship, the CDC has only 422. United States District Courts—National Judicial Caseload Profile 34, 68, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2017.pdf. TLI suggests that one court considering a motion to transfer in a trademark case required statistics related to specifically to trademark cases. Doc. 25, Resp. 8. But the case TLI cites discusses only the median time between filing and trial. *Cmty. Tr. Bankcorp, Inc. v. Cmty. Tr. Fin. Corp.*, No. 3:13-cv-0084-G, 2013 WL 3179506, at *5 (N.D. Tex. June 24, 2013). The Court finds that the substantial differences between the median time to trial and pending cases per judgeship between the CDC and this district counsel in favor of transferring the case.

Second, TWR argues that the CDC has a greater interest in resolving this dispute than does

6

this district because TWR is domiciled in the CDC, a vast majority of its clients are in the CDC, and TLI has a strong presence in the CDC. Doc. 15, Mot. to Transfer Br., 10. But TLI resides in this district and contends that TWR engaged in infringing activities in this district. Doc. 25, Resp., 8. The Court thus finds that this factor does not weigh in favor of transfer.

The parties agree that the remaining factors are irrelevant in this case. Doc. 15, Mot. to Transfer Br., 11; Doc. 25, Resp., 8. In sum, the Court finds that the only factor to weigh in favor of transferring this case is the court-congestion factor; no other factor weighs in favor of transfer.

## IV.

## CONCLUSION

On balance, the Court finds that the private and public-interest factors do not weigh in favor of transferring this case to the CDC. The Court thus **DENIES** TWR's motion to transfer.

**SO ORDERED.**

**Dated: April 30, 2018**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE